IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY HALSEY

*Plaintiff*,

v.

HARBOR FREIGHT TOOLS USA, INC.

*Defendant.*

Civil Action No. ELH-25-248

**MEMORANDUM**

Plaintiff Tony Halsey filed this product liability action against defendant Harbor Freight Tools USA, Inc. ("Harbor") to recover for "severe and permanent" eye injuries that plaintiff sustained while using a product designed, manufactured, and sold by defendant. ECF 17 ("Amended Complaint").[1] This Memorandum Opinion resolves defendant's motion to dismiss plaintiff's request for punitive damages.[2]

In the Amended Complaint, plaintiff alleges that defendant negligently designed a "Pittsburgh Pro, 3/8-inch-drive, 18-inch-long ratcheting breaker bar." *Id.* ¶ 1. It is a tool used to exert a "large amount of force to loosen a fastener, such as a lug nut." *Id.* ¶ 41. Consistent with the Amended Complaint (*id.* ¶ 1), I shall refer to the product as the "Subject Product" or "Ratcheting Breaker Bar." The Subject Product is pictured below, *id.* ¶ 39:

---

[1] Plaintiff filed suit on January 27, 2025. ECF 1. Plaintiff filed the Amended Complaint on May 27, 2025. *See* ECF 14 (filed in error); ECF 17 (corrected version).

[2] Plaintiff is a citizen of Maryland. ECF 17, ¶ 6. Defendant is a Delaware corporation, headquartered in California. *Id.* ¶ 8. Subject matter jurisdiction is founded on 28 U.S.C. § 1332. *Id.* ¶ 18.

1



Plaintiff alleges that while he was using the Subject Product in its intended manner, the Subject Product fractured, causing a "metal shard" from the tool to shoot into plaintiff's eye. *Id.* ¶ 5. According to Halsey, prior to his purchase of the Ratcheting Breaker Bar, Harbor had "actual knowledge" of its propensity to fracture and expel a projectile into the face of its users. *Id.* ¶ 94. Yet, Harbor continued to sell the Subject Product, without changing its design and without warning consumers of the risk. *Id.* ¶¶ 109, 150–53. Indeed, plaintiff alleges that defendant trained its employees to represent that the Subject Product was "'durable'" and of "'good quality,'" despite actual knowledge that such statements were false. *Id.* ¶¶ 24, 32, 154.

The Amended Complaint contains three strict liability claims: Count I, design defect; Count II, failure to warn; and Count III, manufacturing defect. It also alleges an implied warranty claim (Count IV); an express warranty claim (Count V); and a negligence claim (Count VI).

Plaintiff seeks compensatory damages. *Id.* at 35. Plaintiff also seeks punitive damages for his "tort-based claims (Counts I, II, III, and VI) . . . ." *Id.*[3]

Defendant moves to dismiss plaintiff's request for punitive damages, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 21 ("Motion"). Harbor argues that plaintiff's request for punitive damages "is not pled with the degree of specificity" required under Maryland law. *Id.* at 1. Defendant also argues that the "face of" the Amended Complaint "contradicts" plaintiff's punitive damages request because it acknowledges that plaintiff "read warnings Harbor provided with the subject product designed to prevent the injuries he complains of and that he elected to ignore them while using the product." *Id.*

Plaintiff opposes the Motion. ECF 22. In his view, the Amended Complaint "pleads very specific facts and circumstances that enable Mr. Halsey to pass through the motion to dismiss stage on his punitive damages request . . . ." *Id.* at 1. Plaintiff also argues that punitive damages are warranted because defendant not only "failed to take appropriate action despite actual knowledge" of the defects with the Subject Product, but also took "affirmative steps to actively suppress

---

[3] In the original Complaint (ECF 1), plaintiff lodged a stand-alone claim for punitive damages in Count VII. Harbor moved to dismiss the punitive damages claim, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Maryland does not recognize a stand-alone cause of action for punitive damages. *See* ECF 5; ECF 6 (collectively, the "Initial Motion"); *see also Shabazz v. Bob Evans Farms, Inc.*, 163 Md. App. 602, 639, 881 A.2d, 1212, 1233 (2005) ("It is a well settled proposition in Maryland law that a cause of action does not exist for punitive damages alone."). Thereafter, plaintiff filed the Amended Complaint, as well as an opposition to Harbor's Initial Motion. ECF 15. As indicated, the Amended Complaint omitted the stand-alone claim for punitive damages. *See* ECF 17.

By Order of June 12, 2025 (ECF 19), I denied the Initial Motion, as moot. *Id.* at 1. I explained that the "Amended Complaint replaces and supersedes the original Complaint, to which the [Initial] Motion is directed." *Id.* (citing *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)).

3

important safety information from consumers." *Id.* (emphasis omitted). Defendant replied. ECF 23.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I. Legal Standard

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Doriety v. Sletten*, 109 F.4th 670, 679 (4th Cir. 2024); *Nadendla v. WakeMed*, 24 F.4th 299, 304–05 (4th Cir. 2022); *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021); *Fessler v. Int'l Bus. Machs. Corp.*, 959 F.3d 146, 152 (4th Cir. 2020); *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in *Retfalvi*) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)); *see Hebb v. City of Asheville, N. Carolina*, __ F.4th __, 2025 WL 2055074, at *4 (4th Cir. July 23, 2025).

## II.  Choice of Law

A federal court sitting in diversity must apply the law of the state in which the court is located, including the forum state's choice of law rules.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1983); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007); *Doe v. Cmty. Coll. of Balt. Cnty.*, 595 F. Supp. 3d 392, 418 n.17 (D. Md. 2022); *Ben-Joseph v. Mt. Airy Auto Transporters, LLC*, 529 F. Supp. 2d 604, 606 (D. Md. 2008).  Here, Maryland is the forum state, and Maryland law guides this Court's choice-of-law analysis.  *See Baker v. Antwerpen Motorcars Ltd.*, 807 F. Supp. 2d 386, 389 n.13 (D. Md. 2011).[4]

In tort cases, Maryland applies the principle of *lex loci delicti*, meaning "'the law of the place of the wrong.'"  *Doctor's Weight Loss Centers, Inc. v. Blackston*, 487 Md. 476, 492–93, 319 A.3d 1102, 1111 (2024) (quoting *Colgan Air, Inc.*, 507 F.3d at 275); *see Dunbar v. Biedlingmaier*, DKC-20-0738, 2022 WL 814293, at *3 (D. Md. Mar. 17, 2022).  "When a case's facts concern a single state, *lex loci delicti* is easy to apply."  *Blackston*, 487 Md. at 493, 319 A.3d at 1111–12.  "But, when the facts concern multiple states, Maryland 'appl[ies] the [substantive] law of the [s]tate where the injury—the last event required to constitute the tort—occurred.'"  *Id.* (alterations in *Blackston*; citation omitted); *see Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999).

Halsey alleges that he was injured at his home in Maryland.  *See* ECF 17, ¶¶ 6, 124.  Therefore, the Court will apply Maryland substantive law to plaintiff's tort claims (Counts I, II, III, and VI).  The matter of punitive damages is also a question of Maryland law.  *See Ben-Joseph v. Mt. Airy Auto Transporters, LLC*, 529 F. Supp. 2d 604, 608 (D. Md. 2008) ("Maryland courts have held punitive damages to be of a substantive nature.") (citing *Naughton v. Bankier*, 114 Md.

---

[4] The parties have presented their arguments under Maryland law, albeit without addressing the issue of choice of law.

5

App. 641, 691 A.2d 712, 716 (1997)); *see also McMillan v. Kansas City Life Ins. Co.*, ELH-22-01100, 2023 WL 2499746, at *16 (D. Md. Mar. 14, 2023).[5]

### III. Discussion

As explained, in the original Complaint, plaintiff lodged a stand-alone claim for punitive damages. ECF 1 at 31–33 (Count VII). But, the Amended Complaint seeks punitive damages only as a form of relief.

Punitive damages compensate the plaintiff for "the heinous nature of the defendant's tortious conduct," punish the defendant for that conduct, and hopefully help to deter others from engaging in similar conduct. *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 452–55, 601 A.2d 633, 649–50 (1992); *see Shabazz v. Bob Evans Farms, Inc.*, 163 Md. App. 602, 638, 639, 881 A.2d 1212, 1233 (2005) (punitive damages "are not a means of recompensing the victim," but instead "represent, in essence, a civil fine."). However, punitive damages "cannot be awarded in a pure breach of contract case." *Sims v. Ryland Group, Inc.*, 37 Md. App. 470, 475, 378 A.2d 1, 4 (1977); *see also Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 295 (D. Md. 2005); *Jacques v. First Nat'l Bank of Md.*, 307 Md. 527, 545, 515 A.2d 756, 765 (1986).

Maryland courts have held that, "with respect to both intentional and non-intentional torts, . . . an award of punitive damages must be based upon actual malice, in the sense of conscious and deliberate wrongdoing, evil or wrongful motive, intent to injure, ill will or fraud." *Scott v. Jenkins*, 345 Md. 21, 33, 690 A.2d 1000, 1006 (Md. 1997); *see Montgomery Ward v. Wilson*, 339 Md. 701, 733, 664 A.2d 916, 932 (1995) ("With respect to both intentional and non-intentional torts, . . . an award of punitive damages generally must be based upon actual malice . . . ."); *Komornik v. Sparks*,

---

[5] As noted, plaintiff seeks punitive damages only for Counts I, II, III, and VI. ECF 17 at 35. Therefore, I need not address whether punitive damages are recoverable under plaintiff's breach of warranty theories (Counts IV and V).

331 Md. 720, 723-26, 629 A.2d 721, 724 (1993) (concluding that a request for punitive damages resulting from drunk driving was insufficient to show actual malice). Further, "courts [in Maryland] have imposed a strict pleading requirement in punitive damages cases." *Woodberry v. Dollar Tree Stores, Inc.*, PWG-18-551, 2018 WL 6050890 at *2 (D. Md. Nov. 19, 2018).

The term "actual malice" refers to "conduct characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill will or fraud . . . ." *Montgomery Ward*, 339 Md. at 729 n. 5, 664 A.2d at 930 n. 5; *see also Biktasheva*, 366 F. Supp. 2d at 296 ("Actual malice 'has been characterized as the performance of an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff.'") (internal citation omitted); *Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 264, 841 A.2d 828, 837 (2004) ("Maryland courts have defined 'actual malice' as 'conduct of the defendant characterized by evil motive, intent to injure, ill will, or fraud.'") (internal citation omitted).

Ultimately, actual malice must be established by clear and convincing evidence. *Darcars*, 379 Md. at 264, 841 A.2d at 837; *see Le Marc's Mgmt. Corp. v. Valentin*, 349 Md. 645, 652, 709 A.2d 1222, 1226 (1998). "What is needed to support an award of punitive damages is conscious and deliberate wrongdoing." *Hoffman v. Stamper*, 385 Md. 1, 42, 867 A.2d 276, 301 (2005). Thus, "[n]egligence or misjudgment, 'however gross,' does not satisfy the knowledge element." *VF Corp. v. Wrexham Aviation Corp.*, 350 Md. 693, 704, 715 A.2d 188, 193 (1998); *see Al-Sabah v. Agbodjogbe*, SAG-17-730, 2020 WL 1307388, at *2 (D. Md. Mar. 19, 2020); *see also Darcars*, 378 Md. at 264, 841 A.2d at 837 (noting that "'negligence alone, no matter how gross, wanton, or outrageous, will not satisfy [the] standard [of actual malice]'") (internal citation omitted) (alteration in *Darcars*).

A plaintiff "is permitted to seek punitive damages for product liability claims." *Marion v. Anchor Hocking, LLC*, __ F. Supp. 3d __, ABA-24-3594, 2025 WL 2049983, at *3 (D. Md. July 22, 2025) (citation omitted). In *Zenobia*, 325 Md. at 462, 601 A.2d at 653, Maryland's high court stated:

> We believe that in products liability cases the equivalent of the "evil motive," "intent to defraud," or "intent to injure," which generally characterizes "actual malice," is actual knowledge of the defect and deliberate disregard of the consequences. Therefore, in order for actual malice to be found in a products liability case, regardless of whether the cause of action for compensatory damages is based on negligence or strict liability, the plaintiff must prove (1) actual knowledge of the defect on the part of the defendant, and (2) the defendant's conscious or deliberate disregard of the foreseeable harm resulting from the defect.

The parties seem to assume, without discussion, that a Rule 12(b)(6) motion is a proper vehicle to seek dismissal of a request for punitive damages. But, as noted, Fed. R. Civ. P. 12(b)(6) concerns "failure to state a *claim* upon which relief can be granted." And, in Maryland, "punitive damages constitute not a claim but a form of *relief* . . . ." *Charette v. Wexford Health Sources, Inc.*, CCB-19-0033, 2021 WL 1102361, at *12 (D. Md. Mar. 23, 2021) (emphasis added); *see Marion*, 2025 WL 2049983, at *3 (stating that in Maryland "a plaintiff who claims entitlement to punitive damages lodges such a request through a prayer for relief—not a separate cause of action"); *Shabazz*, 163 Md. App. at 639, 881 A.2d at 1233 ("It is a well settled proposition in Maryland law that a cause of action does not exist for punitive damages alone."). However, "[p]ractices in this District regarding dismissal of punitive damages claims on a Rule 12(b)(6) motion *vary*." *Aarow Elec. Sols. v. Tricore Sys., LLC*, JKB-22-2363, 2024 WL 1443743, at *4 (D. Md. Apr. 3, 2024) (emphasis in original).

For example, Judge Bredar has declined to strike or dismiss a request for punitive damages, despite "serious[] doubts" that punitive damages were appropriate. *Id.* And, in *Doe v. Mercy High Sch., Inc.*, JRR-23-01184, 2024 WL 3103396, at *27 (D. Md. June 24, 2024), Judge Rubin, relying

8

on Judge Bredar's reasoning in *Aarow Elec. Sols.*, declined to address the request for punitive damages. Similarly, Judge Blake has "deferred" ruling on a request for punitive damages at the motion to dismiss stage. *Charette*, 2021 WL 1102361, at *12.

Judge Abelson has concluded that a defendant "may move to dismiss a particular form of relief (such as punitive damages) at the pleadings stage even where the pertinent cause of action permits that form of relief . . . ." *Marion*, 2025 WL 2949983, at *3. After an extensive review of the issue, he determined that "a Rule 12(b)(6) motion is an appropriate vehicle to move that a request for [punitive damages] be dismissed or stricken at the pleadings stage.[]" *Id.*

Judge Chasanow has dismissed, without prejudice, a request for punitive damages at the motion to dismiss stage, based on the failure to allege facts that, if proven, would support that the disputed action was done with actual malice. *Harris v. Dow Chem. Co.*, DKC 20-0988, 2020 WL 6874326, at *3 (D. Md. Nov. 23, 2020); *see McMillan*, 2023 WL 2499746, at *19 (dismissing, without prejudice, a request for punitive damages). Judge Russell has granted a motion to strike a request for punitive damages, pursuant to Fed. R. Civ. P. 12(f). *Hanson v. Hanson*, GLR-19-2214, 2020 WL 4734313, at *3 (D. Md. Aug. 14, 2020).

To my knowledge, there is no clear guidance from the Fourth Circuit as to whether or when Rule 12(b)(6) is an appropriate vehicle to dismiss a request for punitive damages. But, upon review of several Fourth Circuit decisions, Judge Bredar has explained that a "theme emerges": The "dismissal of a punitive damages request is appropriate where the claim upon which that request is premised has been dismissed or where the claim cannot support a request for punitive damages." *Aarow Elec. Sols.*, 2024 WL 1443743, at *4; *see Corder v. Antero Res. Corp.,* 57 F.4th 384, 404 (4th Cir. 2023) (affirming dismissal of punitive damages request where the district court dismissed the fraud claim upon which the punitive damages were based); *Gosnell v. Catawba Cnty.*, 646 F.

9

App'x 318 (4th Cir. 2016) (per curiam) (affirming dismissal of request for punitive damages when no claims remained in the case); *Barrett v. Bd. of Educ. of Johnston Cnty.*, 590 F. App'x 208, 211 (4th Cir. 2014) (per curiam) ("Because no claims survived the Appellees' motions to dismiss, the court properly dismissed the claim for punitive damages."); *Hird v. Davis*, 155 F.3d 559, 1998 WL 390859 (4th Cir. 1998) (per curiam) (explaining that "punitive damages could not be recovered against the City on any of the claims"); *Mitchell v. Lydall, Inc.*, 16 F.3d 410, 1994 WL 38703 (4th Cir. 1994) (per curiam) (concluding that punitive damages were not available because the underlying causes of action did not support requests for punitive damages and "hold[ing] that the district court did not err in striking [the plaintiff's] claim for punitive damages under *Rule 12(f)*.") (emphasis added).

Of relevance, Harbor has not moved to dismiss Counts I, II, or III. In other words, there is no challenge to the sufficiency of the claims. And, they are, in general, claims for which punitive damages may be recovered. *Marion*, 2025 WL 2049983, at *3; *Zenobia*, 325 Md. at 462, 601 A.2d at 653. Defendant does not contend otherwise. *See* ECF 21; ECF 23. In connection with these claims, plaintiff has requested punitive damages as a form of relief.

At this juncture, I cannot conclude that the form of relief is unwarranted. Therefore, I shall deny the Motion (ECF 21), without prejudice. An Order follows.

Date:   August 15, 2025                              /s/
                                                    Ellen Lipton Hollander
                                                    United States District Judge